Chas. L. Harty, of Georgetown, for appellants. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. [1] Both defendants were convicted of murder in the second degree under a proper indictment, and the punishment of each assessed at 22 years' confinement in the penitentiary. No statement of facts accompanies the record, and, the record containing no bills of exceptions, there is nothing for us to review.

[2] The first ground in the motion urges that the court erred in admitting testimony. In the absence of a bill of exceptions and statement of facts, we are not made aware what testimony was introduced, nor judge of whether or not a charge on circumstantial evidence should have been given, as claimed in the second ground in the motion.

The charge of the court on principals is not subject to the criticism contained in the third ground. The court did charge that, if Edmund Thomas was present, he would be guilty of the offense, but instructed the jury that, if he was present, knowing the unlawful intent, and aided by acts or encouraged by gestures those actually engaged in the offense, he would be guilty.

The judgment is affirmed.

---

## DOUGLASS v. STATE.

(Court of Criminal Appeals of Texas. June 26, 1912.)

1. WITNESSES (§ 240*)—EXAMINATION—LEADING QUESTION.

In a prosecution for forgery, a question to a witness for the state whether he authorized defendant to sign the witness' name to a check was not objectionable as leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845, 849–851; Dec. Dig. § 240.*]

2. CRIMINAL LAW (§ 1091*) — APPEAR—BILL OF EXCEPTIONS.

A statement in a bill of exception to the allowance of a question of the objection made that no proper predicate had been laid is not sufficient to show that it was the fact that no predicate had been laid.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. § 1091.*]

3. CRIMINAL LAW (§ 400*)—EVIDENCE—BEST EVIDENCE.

In a prosecution for forgery of a check, a question whether witness authorized defendant to sign his name to the check was not objectionable on the ground that the check was the best evidence, since the production of the check would not have shown on its face that the witness did not sign it, and therefore could not have been the best evidence of that fact.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 879–886; Dec. Dig. § 400.*]

4. FORGERY (§ 37*)—EVIDENCE.

Where, in a prosecution for forgery of a check, it was claimed that defendant carried the forged check to witness for the purpose of having it cashed, the witness was properly asked whether he had any business transaction with defendant on the day defendant tendered the check to witness to be cashed, to which the witness answered that defendant presented the check to be cashed, and stated that P. sent him down for that purpose.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 105–107, 111, 112; Dec. Dig. § 37.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Bob Douglass was convicted of forgery, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of forgery; his punishment being assessed at two years' confinement in the penitentiary.

[1, 2] A bill of exceptions recites that Patterson, a state witness, was asked the following question: "Did you authorize him [meaning the defendant] to sign your name to a check? A. No, sir." Appellant objected because the proper predicate had not been laid for the introduction of this testimony, that the same was leading, and that no check had been shown to have been signed, or, if such had been, the same was the best evidence, and the court overruled the objections. This bill shows no error. The question was a proper one so far as the bill of exceptions is concerned. The ground of objection that no proper predicate had been laid is but a statement of an objection, and not a statement of a fact.

[3] It was necessary to prove in some way that Patterson had not signed the check, as the forged instrument purported to have been signed by him. The production of the instrument would not have shown on its face that Patterson did not sign it, and therefore it could not be the best evidence of that fact. The instrument itself would hardly show that Patterson did not sign it, and, in fact, the instrument purported to have been signed by him.

[4] Another bill recites that the state witness Covington was asked the following question: "Did you have any business transaction with him [meaning the defendant] there that day [meaning the 12th day of July, A. D. 1908], if so, what was it? A. The only business I had with him he said that Con. Patterson sent him down to cash a check, and I looked at the check and it was on the Trinity Bank." Defendant objected to this because it tended to show a transaction involving an alleged forged check, when there was no allegation in the indictment to the effect that the defendant had passed a forged instrument. These grounds of objection do not present anything under the bill that requires a revision. If appellant carried the forged check to the witness for the purpose of having it cashed, it was an important fact at least to connect the appellant with the possession of the check, and may

have been important in other matters connected with the case.

Another bill recites that the court was in error in failing to instruct a verdict for the defendant. The evidence not being in the record, we are unable to review this question.

The judgment is affirmed.